UNITED STATES DISTRICT COURT
SOUTHERN OHIO DISTRICT
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                    **Case No. CR-2-07-0236**

                                                         **Judge Smith**

**MARCUS K. COBB,**

      **Defendant.**

**ORDER**

      This matter is before the Court on multiple pretrial motions filed by Defendant Marcus Cobb: Defendant's Motion for Discovery (Doc. 24); Motion to Produce Jencks Act Material (Doc. 27); Motion to Compel Impeachment Evidence Concerning Government Witnesses (Doc. 28); Motion for Disclosure of All Expert Witnesses and Written Summaries of Expert Witnesses to be called at trial (Doc. 29); Motion for Preservation of Witness Statements (Doc. 30); First and Second Motions for Disclosure of Other Acts Evidence (Doc. 31 and 37); Motion in Limine regarding the Reliability of Testimony provided by Informants (Doc. 32); and Motion for Bill of Particulars (Doc. 34).  The Government has filed a Response to Defendant's Motion for a Bill of Particulars (Doc. 43); a Response to Defendant's Demand for Discovery and a Reciprocal Request for Discovery (Doc. 44); and a Response to Defendant's First and Second Motions for Disclosure of Other Acts Evidence (Doc. 47).  These motions are now ripe for review and the Court will address each in turn.

A. *Defendant's Motion for Discovery and the Government's Reciprocal Request*

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Defendant requests numerous items be produced through discovery prior to trial. The Government has responded and asserts that they have provided Defendant with all written and/or recorded information he requested in accordance with Rule 16(a)(1)(A). There is some information, however, that the Government stated that it is not required to provide, such as statements made by Government witnesses. The Government is correct in asserting that this information is not subject to pretrial disclosure. *See* Fed. R. Crim. Pro. 16(a)(2) and (3). If, however, there is still information that the Defendant believes he should have received prior to trial, such request should first be made to the Government and if there is a disagreement between the parties, the matter should immediately be brought to the attention of the Court to ensure a resolution before the start of trial.

With respect to the Government's reciprocal request for discovery, Defendant and/or his attorneys shall provide any and all information in their possession to the Government that is discoverable in accordance with the Federal Rules of Criminal Procedure.

Defendant's Motion for Discovery is therefore **GRANTED IN PART AND DENIED IN PART**. Similarly, the Government's Request for Reciprocal Discovery is **GRANTED** to the extent the information sought is discoverable under the Federal Rules of Criminal Procedure. The parties are also under a continuing duty to disclose any discoverable information pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure.

B. *Defendant's Motion to Produce Jencks Act Material*

Defendant moves for an Order requiring the production before trial of all statements subject to production under the provisions of the Jencks Act, Title 18 U.S.C. §3500. Defendant asserts that it is his understanding that the Government's primary witnesses have provided numerous statements

to law enforcement officers during the investigation of this case. Defendant anticipates that such statements are voluminous and production of such material at the end of their direct examination would work an undue hardship on defense counsel. To avoid unnecessary delay, Defendant requests that the Government produce in advance of trial these statements. In the alternative, Defendant requests additional time during trial to evaluate the Jencks Act material.

The Court finds that some additional time to review the Jencks Act material would best serve the interest of judicial economy in this case. However, the Court does not believe that such material should be produced well in advance of trial. *See United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988). The Government is therefore ordered to produce the Jencks Act material on each testifying witness the day before the witness is scheduled to testify. Defense counsel will have the night before to review all the material and therefore should not require any additional time during the course of trial to review the material. Defendant's Motion for Pre-trial Production of Jencks Act Material is therefore **GRANTED IN PART**, providing defense counsel with some additional time to review the material that would otherwise have been allotted under the law. *See United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982) (The Sixth Circuit has expressly held that the Government has no obligation to disclose and the trial court has no discretion to require disclosure of Jencks Act material before a witness testifies).

C.     *Defendant's Motion to Compel Impeachment Evidence Concerning Government Witnesses*

Defendant asserts that certain of the Government's witnesses may have received preferential treatment in exchange for cooperation with the Government. Defendant therefore requests production of impeachment evidence not only for the cooperating witnesses, but for all Government witnesses who may ultimately testify at trial or who were offered preferential treatment but declined

to accept the same and have refused to testify at trial. Defendant relies on *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) in support of his arguments.

The Government responds that it is mindful of its obligation to produce *Brady* material at trial and that it will do so in a timely manner. The Court therefore orders that the Government reveal to the Defendant and his counsel and permit inspection and copying of all information and material known to the Government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1965), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence). Should Defendant become aware of specific material that may be subject to this provision, he may make a specific *Brady* request of the Government, then bring the matter to the attention of the Court if necessary. Defendant's Motion is therefore **GRANTED IN PART**, limited to the aforementioned material. Defendant's Motion is **DENIED** with respect to all other information sought.

**D.**     *Defendant's Motion for Disclosure of All Expert Witnesses and Written Summaries of Expert Witnesses to be called at trial*

Defendant requests that the Government disclose any and all information regarding the training, education, skill, and experience of any expert that it intends to call to testify at trial pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure and Rule 702 of the Federal Rules of Evidence. In addition, the Defendant requests any and all studies, reports, analysis, evaluations, examinations, opinions, underlying facts or data which form the basis for any such opinion or report, publications, evaluations, testing, surveys, or similar information which will form the basis of any testimony to be provided by said expert at trial. The Government has not responded to this Motion.

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure states: "At the defendant's request, the Government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief."

In the absence of any argument to the contrary, the Court does not see any reason why this information should not be produced to defense counsel. Therefore, Defendant's Motion for Disclosure of all Expert Witnesses and Written Summaries of Expert Witnesses to be called at trial is **GRANTED**.

### E.  *Defendant's Motion for Preservation of Witness Statements*

Defendant moves for an order requiring the preservation of all witness statements, including rough notes and summaries of interviews and written transcript thereof, since all items may fall with in the ambit of the Jencks Act or may contain exculpatory matters requiring production in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). The Government has not filed a response to Defendant's Motion.

The Court finds that good cause has been shown justifying the preservation of witness statements and other related items, therefore, the Court **GRANTS** Defendant's Motion.

### F.  *Defendant's First and Second Motions for Disclosure of Other Acts Evidence*

Defendant has filed a First and Second Motion seeking an order from the Court compelling the Government and the State of Ohio to produce, prior to trial, any evidence that it intends to introduce of other crimes, wrongs or acts by Defendant pursuant to Rule 404(b) of the Federal Rules of Evidence and the Ohio Rules of Evidence.

The Government has responded and notified the Defendant in the Response of the other acts it intends to produce evidence of at trial. Therefore, having received the information requested, the

Defendant's Motion is now moot.

### G. *Defendant's Motion in Limine regarding the Reliability of Testimony provided by Informants*

Defendant moves the Court for an order excluding the admissibility of any and all testimony of witnesses presented by the Government who have a history of substance abuse, mental illness, or any other similar physical or mental incapacities, without direct and independent corroborating evidence to support the testimony presented. The Government has not filed a response to this Motion.

Defendant asserts that he has reason to believe the Government intends to use as evidence in its prosecution, testimony of various informants who may have a history of chemical or substance abuse, mental illness or similar debilitating physical and/or mental impairments. Defendant argues that it would be highly prejudicial to his right to a fair trial if such witnesses were permitted to testify. Defendant relies on Rule 403 of the Federal Rules of Evidence in arguing that any relevancy of the testimony would be substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury. Defendant does not, however, cite any caselaw in support of his argument.

The Sixth Circuit in *United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir. 1989), recognized that the credibility of a witness is a jury question, but the competency of the witness to testify is for the judge to decide. The *Ramirez* Court further stated, "[a]lthough the question of competency is for the judge to decide, in a federal criminal prosecution this decision must be made against the backdrop of Fed. R. Evid. 601 which provides: Every person is competent to be a witness except as otherwise provided in these rules."

Competency, however, is a matter of status and not ability. Courts and the Federal Rules of Evidence, specifically Rules 605 and 606, have recognized that there are only two groups of persons

that have been specifically rendered incompetent as witnesses: judges and jurors. *Id.* Nonetheless, the Court does have the authority to control the admissibility of the testimony of persons so impaired in some manner that they cannot give meaningful testimony. For example, courts always have the authority under Rule 403 to balance the probative value of testimony against its prejudicial effect. Similarly, under Rule 603, the inability of a witness to take or comprehend an oath or affirmation will allow the judge to exclude that person's testimony.

According to Rule 602 of the Federal Rules of Evidence, a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The Sixth Circuit has recognized that "an argument can . . . be constructed that a person might be impaired to the point that he would not be able to satisfy the personal knowledge' requirement of Rule 602." *See United States v. Ramirez*, 871 F.2d at 584. However, it has also been noted that "the threshold of Rule 602 is low" and held that "testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *See United States v. Howard*, 124 Fed. Appx. 415, 420 (6th Cir. 2005) (*quoting United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990)).

The Court finds pursuant to Rule 601 of the Federal Rules of Evidence that every person is competent to be a witness except judges and jurors. Therefore, the Court will permit all Government witnesses to testify and during their testimony the Government must establish the proper foundation such as the witness's personal knowledge of the events to which he or she is testifying. The jury will be instructed that they are the judges as to the witness's credibility. Defense counsel will have the opportunity to cross-examine each witness and may challenge each witness's credibility at that time. Defendant's Motion in limine regarding the reliability of the testimony provided by

informants is therefore **DENIED**.

### H. *Defendant's Motion for a Bill of Particulars*

Defendant has requested a Bill of Particulars setting forth specifically the nature of the offenses charged in the Indictment pursuant to the provisions of Rule 7(f) of the Federal Rules of Criminal Procedure as to the following:

(1) A detailed statement of the particular acts, conduct, method, manner or means by which the State of Ohio maintains that the Defendant committed the offenses set forth in the Indictment.

(2) State the time and place of the conduct of Defendant alleged to constitute the offenses.

(3) Specifically state and set forth the acts alleged to constitute crimes by the defendant and by name against whom said alleged crimes were committed and with particularity set forth in detail the acts allegedly committed by the defendant against any and all parties which the prosecutor through the Indictment claims to have been violated.

Defendant further states that the Indictment is vague, indefinite, uncertain and insufficient in its terms and conclusions that he is unable to reasonably know the nature and cause of the charges against him from the matters stated in the Indictment that he is unable to prepare a defense to the charges in the Indictment, and that in order that the Defendant may be informed of the claims and what crimes have been charged to him, and so that he may be protected in his constitutional rights under the United States Constitution.

The purposes of a Bill of Particulars is:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose.

*United States v. Jones*, 678 F. Supp. 1302, 1304 (S.D. Ohio 1988) (***quoting*** *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir.1976)). **A motion for a bill of particulars is addressed to the sound**

-8-

**discretion of the trial court.** *Will v. United States*, 389 U.S. 90, 98-99 (1967); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)**.**

**The Government argues that the Defendant's Motion should be denied because his is seeking discovery of the Government's evidence through his Motion and it is well-settled law that Bills of Particulars are not discovery devises.** *See United States v. Gabriel*, **715 F.2d 1447, 1449 (10th Cir. 1983). The Government asserts that it has supplied Defendant with considerable factual detail in this case to enable him to prepare his defense, avoid surprise at trial, and avoid being placed in double jeopardy.**

**The Court finds that the Indictment, taken together with the discovery already provided to Defendant in this case, sufficiently apprises him of the charges against him and will adequately assist him to avoid surprise at trial.** *See United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) ("[A] bill of particulars is not required when the information a defendant needs to prepare his defense is available through some other satisfactory form"). Defendant's Motion for a Bill of Particulars is therefore **DENIED**.

*I.  Conclusion*

In conclusion, Defendant's Motion for Discovery (Doc. 24) is granted in part and denied in part; Defendant's Motion to Produce Jencks Act Material (Doc. 27) is granted in part; Defendant's Motion to Compel Impeachment Evidence Concerning Government Witnesses (Doc. 28) is granted in part and denied in part; Defendant's Motion for Disclosure of All Expert Witnesses and Written Summaries of Expert Witnesses to be called at trial (Doc. 29) is granted; Defendant's Motion for Preservation of Witness Statements (Doc. 30) is granted; Defendant's First and Second Motions for Disclosure of Other Acts Evidence (Doc. 31 and 37) is moot; Defendant's Motion in Limine regarding the Reliability of Testimony provided by Informants (Doc. 32) is denied; and Defendant's

Motion for Bill of Particulars (Doc. 34) is denied.

The Clerk shall removed Documents 24, 27, 28, 29, 30, 31, 32, 34, and 37 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                       */s/ George C. Smith*
                                       **GEORGE C. SMITH, JUDGE**
                                       **UNITED STATES DISTRICT COURT**