# UNITED STATES DISTRICT COURT
## SOUTHERN OHIO DISTRICT
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                     **Case No. CR-2-07-0186**

                                                            **Judge Smith**

**MARCUS K. COBB,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant Marcus Cobb's Motion to Suppress Evidence (Doc. 40). The Government has filed a Response in Opposition (Doc. 40). This matter is now ripe for review. For the reasons that follow, the Court **DENIES** Defendant's Motion to Suppress Evidence.

Defendant moves this Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure to suppress all items seized from and around Defendant's person or places under his control as such evidence was seized in violation of his right against unlawful searches and seizures as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. Specifically, Defendant requests that this Court suppress all items seized on or about May 31, 2007 from 119 Eastpointe Ridge Drive #303 Columbus, Ohio, including but not limited to:

    1.    All firearms and ammunitions.
    2.    All cash recovered from the residence.
    3.    All clothing recovered from the residence.
    4.    All miscellaneous documents and things.

On May 31, 2007, Special Agent Craig A. Brenneman with the Bureau of Alcohol, Tobacco,

Firearms and Explosives submitted an application for a warrant to search the premises located at 119 Eastpointe Ridge Drive #303 in Columbus, Ohio. The affidavit provided in support of the request for a warrant described the following items to be seized:

> Firearms, ammunition, as defined in 18 U.S.C. §921, clothing, masks, scarves, cellular telephones, knit caps, gloves, currency, money wrappers, notes, planning material, maps, receipts, financial records, stolen property, indicia of premises, and any other evidence...

Defendant raises several challenges to this warrant, which will each be addressed in turn: 1) the warrant fails to describe with particularity the items to be seized; 2) the warrant was unduly overbroad; 3) the officers exceeded the scope of the warrant; and 4) there was no probable cause for the issuance of said warrant.

**1.     Particularity**

The Fourth Amendment to the United States Constitution requires a warrant to "particularly describe the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The purpose of this particularity requirement is to prevent the use of general warrants, which can "create a danger of unlimited discretion in the executing officer's determination of what is subject to seizure and a danger that items will be seized when the warrant refers to other items." *United States v. Savoca*, 761 F.2d 292, 298-99 (6th Cir. 1985) (*citing Andresen v. Maryland*, 427 U.S. 463, 480 (1976)); *see also United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1991)(recognizing that the warrant must enable a searcher reasonably to ascertain and identify the things that are authorized to be seized). "The issue of whether a warrant is general, or lacks the requisite particularity, is best resolved upon examination of the circumstances of the particular case." *United States v. Logan*, 250 F.3d 350, 365 (6th Cir. 2001); *see United States v. Campbell*, 256 F.3d 381, 389 (6th Cir. 2001) ("This requirement of specificity is flexible and varies with the crime involved and the types of items sought."); *United States v. Ables*, 167 F.3d 1021, 1033 (6th Cir. 1999) (stating that

a description is valid "if it is as specific as the circumstances and the nature of the activity under investigation permit") (*quoting United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir. 1988)).

Defendant merely recites the law regarding the particularity requirement, but fails to set forth any argument as to why the Court should invalidate the warrant. The Sixth Circuit has recognized in *Blakeney v. United States*, 942 F.2d 1001, 1015 (6th Cir. 1991), that "[i]n the context of a motion to suppress, the moving party has the burden of establishing that the evidence was secured by an unlawful search." Nonetheless, the Court will determine whether this warrant satisfies the particularity requirement.

The Government argues that the warrant does satisfy the particularity requirement of the Fourth Amendment because it sufficiently described the place to be searched and items to be seized. The Government asserts that the warrant's descriptions were as specific as permitted by the investigation. The investigation revealed the potential existence of general types of items connected to the bank robberies and possession of a firearm, but had not indicated more specific descriptions. The general classes of items included planning materials, stolen property, and evidence of money acquired. The Government states that the warrant even went beyond these general descriptions and listed more specific items such as firearms, masks, scarves, cellular telephones, and financial records. Further, the warrant specified that evidence should be "fruits of instrumentalities of the crime of bank robbery, and possession of a firearm by a convicted felon." The Government concludes that the description of these items were more than adequate because they gave as much information as possible in a situation where the precise identity of goods could not be ascertained.

After review of the language of the warrant at issue here, it appears that it was "as specific

as the circumstances and the nature of the activity under investigation permitted." *Ables*, 167 F.3d at 1033. The Government included some specific items in addition to the general descriptions. Despite any argument to the contrary by Defendant, the Court finds that the warrant in this case satisfies the particularity requirement of the Fourth Amendment.

**2.    Overbroad**

The Sixth Circuit in *United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1977), addressed the issue of non-specific and overbroad warrants and held "[a] general order to explore and rummage through a person's belongings is not permitted. The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized." The warrant in *Blakeney* was upheld with the exception of the term "jewelry" which was found to be overbroad because the case involved a jewelry store robbery and the warrant also contained a list of the specific items of jewelry taken. *Id.*

Defendant argues that the warrant in this case states that items may be seized relating to the commission of a crime and evidence of a crime of bank robbery at this time unknown. He asserts that the warrant essentially provides a carte blanc invitation to the officers to search for anything that might relate to the commission of any crime. Further, Defendant argues that while the offense of bank robbery is identified, the warrant fails to limit the search to activities relating to the offense. Therefore, he concludes that "any item regardless of its relationship would fall within the overly expansive net cast by this warrant." (Def's Mot. at 4).

The Government, however, argues that the warrant was not overbroad because it enabled the searchers to know which items could be seized and was as specific as possible under the circumstances. Every item included in the warrant had the potential to connect the Defendant to the

specific crimes being investigated. Specifically, the warrant was limited to items logically connected to bank robbery and possession of a firearm.

The search warrant was limited to "evidence which are fruits of instrumentalities of the crime of bank robbery, and possession of a firearm by a convicted felon." Further, specific examples were listed, such as "firearms, ammunition...clothing, masks, scarves, cellular telephones, knit caps, gloves, currency, money wrappers, notes, planning materials, maps, receipts, financial records." The Court finds that this warrant was not overbroad. The descriptions offered guidance to the searchers, but did not allow unlimited discretion in the search. Further, the police in their investigation did not know the exact materials Defendant used to plan and carry out the robberies, nor did they know the exact brand or size of clothing worn, nor the exact type of firearm or ammunition used, or the exact currency remaining. Rather, the items listed were as specific as possible under the circumstances and if found could connect the Defendant to the crimes.

**3.      Scope of the Warrant**

Similar to the arguments that the warrant did not meet the particularity requirement and that is was overbroad, Defendant argues that scope of the execution of the warrant was overbroad. Defendant states that the warrant is specifically limited to the principal structure located at 119 Eastpointe Ridge Drive #303, Columbus, Ohio and "the failure to limit the scope of the warrant, either in terms of the terms to be seized, or the manner of its execution was constitutionally flawed." (Def's Mot. at 5). The Government argues, however, that the scope of the warrant was not exceeded.

The Court in *United States v. Kyles*, 40 F.3d 519, 523 (2d Cir. 1995), held that, "[t]he scope of a search pursuant to a valid warrant is defined by the warrant's description of the premises and the objects of the search, and by the places in which the officers have probable cause to believe those

objects may be found." *See also Maryland v. Garrison*, 480 U.S. 79 (1987).  The Sixth Circuit has also characterized the violation of the scope of a warrant, stating "a valid search warrant can turn into an invalid general search if officers flagrantly disregard the limitations of the warrant." *United States v. King*, 227 F.3d 732, 751 (2000).

Defendant appears to the arguing that the scope of the warrant should have been limited to more than just the address listed.  He is not arguing that the officers conducting the search disregarded the limitations of the warrant, which is required by the Sixth Circuit to rule that the scope of a warrant was exceeded.  Defendant's argument seems to be an extension of his overbroad argument.  The Court, however, has already concluded that the warrant was not overbroad.  Nor, is a warrant that limits the search to one address overbroad.  Therefore, the Court finds that the scope of the warrant was not exceeded.

**4.     Probable Cause**

The standards for both the issuance of a warrant and the review of a warrant were set out in *Illinois v. Gates*, 462 U.S. 213, 238 (1983), as follows:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . [concluding]" that probable cause existed.

*Citing Jones v. United States*, 362 U.S. 257 (1960).

The Sixth Circuit in *United States v. Davidson*, 936 F.2d 856, 860 (6th Cir. 1991), has further defined the standard for probable cause stating that "only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause...."  Therefore, if the Court finds that the magistrate had a substantial basis for concluding there was probable cause, then the

evidence obtained through the warrant should not be suppressed.

Defendant argues that the officers in this case never knew of any facts or circumstances sufficient for them to believe that the Defendant has committed a crime.  Further, Defendant states that "other than a glove with DNA matching the Defendant, the officers had no information that would support probable cause to search the residence of 119 Eastpoint Drive...." (Def's Mot. at 6).

The Government, however, argues that there was more than a substantial basis for the magistrate to find probable cause.  Specifically, the Government cites evidence of DNA from a glove found near a vehicle stolen from the victim of one of the bank robberies matched the defendant's DNA, Defendant paid a $7000 down payment in cash, offered $1000 for a dance with a woman, and possessed many $100 bills.  The Government concludes that based on the aforementioned evidence, the affiant, ATF Special Agent Craig Brenneman, reasonably believed that the Defendant had committed the bank robberies which were the objects of the investigation. Further, based on the agent's knowledge of robbers' tendencies to maintain certain evidence at readily accessible locations, including apartments, the believed the evidence listed on the warrant could be found at the Defendant's address.

The Court finds that based on the DNA evidence and the investigating agent's expertise in this case, there was a probability of finding evidence of the bank robberies at the search premises.  According to the Sixth Circuit, the issuing magistrate "may give considerable weight to 'the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found' and is 'entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.'" *United States v. Lawson*, 999 F.2d 985, 987 (6th Cir. 1993).  Therefore, the magistrate issuing the warrant had a

substantial basis for concluding probable cause existed.  The Court therefore concludes that probable cause existed to justify the issuing of the warrant.

In conclusion, the Court finds that probable cause existed to issue the warrant.  Further, the warrant was not overbroad and satisfied the particularity requirement.  Finally, the scope of the warrant was not exceeded.  Defendant's Motion to Suppress Evidence is therefore **DENIED**.

The Clerk shall remove Document 40 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**