# UNITED STATES DISTRICT COURT
## SOUTHERN OHIO DISTRICT
### EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         **Case No. CR-2-07-0186**

                                                **Judge Smith**

MARCUS K. COBB,

        Defendant.

## ORDER

Defendant Marcus Cobb has been named in a multiple count Indictment charging him with a violation of the Hobbs Act, Bank Robbery with Violence and related weapons offenses in violation of 18 U.S.C. § 1951, 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 924(c). The offenses charged relate to the robbery of a Bucca Di Beppo restaurant, Huntington National Bank, and Chase Bank, which occurred on October 8, 2006, January 26, 2007, and April 12, 2007, respectively.

This matter is before the Court on multiple pretrial motions filed by Defendant Marcus Cobb: Motion for Expert Testimony and Reports (Doc. 66); Motion for Leave to File Additional Motions if Needed (Doc. 67); Motion for Disclosure Pursuant to *Giglio* (Doc. 68); Motion to Suppress Pretrial In-Court Identification (Doc. 69); and Motion for Separate Trial on Counts 1, 2, 3, 4, and 5 (Doc. 70). The Government has filed a Response to Defendant's Motion for Separate Trial (Doc. 78); and a Response to Defendant's Motion for Pretrial In-Court Identification (Doc. 81). These motions are now ripe for review and the Court will address each in turn.

### A.      Defendant's Motion for Expert Testimony and Reports (Doc. 66).

Defendant moves for disclosure of all expert witnesses and written summaries of expert witnesses to be called at trial.  Defendant moves pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and Rule 702 of the Federal Rules of Evidence for the Government to disclose any and all information regarding the training, education, skill, and experience of any expert that it intends to call to testify at trial.  In addition, Defendant requests any and all studies, reports, analysis, evaluations, examinations, opinions, underlying facts or data which form the basis for any such opinion or report, publications, evaluations, testing, surveys, or similar information which will form the basis of any testimony to be provided by said expert at trial.

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure states: "At the defendant's request, the Government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief."

Defendant previously filed a Motion for Disclosure of All Expert Witnesses and Written Summaries of Expert Witnesses to be called at trial on September 27, 2007 (Doc. 29).  This Motion was granted by the Court in its Opinion and Order dated December 26, 2007 (Doc. 48).[1]  Again, Defendant's Motion is **GRANTED**.  The Court **ORDERS** the Government to disclose all expert witnesses and any written summaries of those experts that the Government plans to call at trial. Such disclosures must be made no later than Friday, May 9, 2008.  Further, both sides shall exchange any additional information that is discoverable that has not previously been exchanged no later than Friday, May 9, 2008, as both parties are under a continuing duty to disclose any

---

[1]  The parties are reminded that the Court's previous Orders are still in effect despite the change in counsel and any such information sought by Defendant's prior counsel shall also be produced to Defendant's current counsel in accordance with those Orders.

discoverable information pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure.

**B.**     ***Defendant's Motion for Leave to File Additional Motions if Needed (Doc. 67).***

Defendant moves pursuant to Rule 12(c) of the Federal Rules of Criminal Procedure and Defendant's Fifth and Sixth Amendment rights as secured by the United States Constitution, for leave to file additional pretrial motions if necessary.  Defendant asserts that although he has filed a number of motions related to evidentiary issues, discovery and the investigation of this case are still ongoing.  Therefore, it is impossible for anticipate all issues that may arise.

After consideration of Defendant's Motion, the Court will allow Defendant's counsel to file additional motions if further evidentiary issues arise.  The same applies to counsel for the Government.  The Court urges both parties to raise any evidentiary issues with the Court as soon as possible.  Defendant's Motion is therefore **GRANTED**.

**C.**     ***Defendant's Motion for Disclosure of any Evidence Regarding Promises of Leniency or Benefits to Witnesses (Doc. 68).***

Defendant asserts that certain of the Government's witnesses may have received preferential treatment in exchange for cooperation with the Government.  Defendant therefore requests that the Government disclose any evidence regarding promises of leniency or benefits to any witnesses or other persons related to the investigation of this case, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).  Defendant further asserts that the Government's failure to disclose any promise of leniency or benefits to a witness is a material issue affecting credibility.  *Id.*

The Government responded to this issue when raised by Defendant's prior motion on this matter (Doc. 28).  The Government stated that it is mindful of its obligation to produce such material at trial and that it will do so in a timely manner.  The Sixth Circuit has held that neither *Giglio* nor *Brady* "gives the defense a general right to pre-trial discovery of evidence impeaching defense witnesses, where the prosecution denies that any such material is exculpatory and material under

Brady." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).  Such impeachment evidence is generally governed by the Jencks Act and Rule 26.2.  *Id.* (holding that "[t]he clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial.").

Therefore, with respect to Defendant's Motion, the Court lacks authority to order pre-trial disclosure.  However, in order to ensure the trial can proceed smoothly without the need for long breaks for Defendant's counsel to review this material after each witness testifies, the Court respectfully requests that counsel for the Government produce any such information pursuant to *Giglio* as soon as possible.  Accordingly, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

### D.    *Defendant's Motion to Suppress Pretrial In-Court Identification (Doc. 69).*

Defendant moves pursuant to Rule 12 of the Federal Rules of Criminal Procedure for an order to suppress all pretrial in-court identifications.  Subsequent to the robberies of the Bucca Di Beppo restaurant, Huntington National Bank, and Chase Bank, but prior to the Indictment, photographs of the accused were presented as part of an array to alleged eyewitnesses for purposes of making an identification.  On May 23, 2007, Debbie Curry, an employee of Bucca Di Beppo who was working during the robbery, selected Defendant Cobb's photo from the array asserting a 70% degree of certainty.  Ms. Curry then later appeared at Defendant Cobb's detention hearing on May 23, 2007, and made a second identification of Defendant.

Defendant argues that this identification was bolstered by Ms. Curry's opportunity to observe proceedings during which the accused was named in association with the robbery of the restaurant. She also heard additional details regarding the other two robberies.  Defendant argues that this process was so unnecessarily suggestive and conducive to an irreparable mistaken identification that

the accused has been denied his right to due process of law.  Defendant relies on *Stovall v. Denno*, 388 U.S. 293 (1967) (showing defendants singly to persons for the purpose of identification and not as part of a lineup is unduly suggestive) in support of his argument.

Defendant argues that regardless of whether the Government knew that Ms. Curry would be present at the detention hearing, once her presence was known, immediate steps should have been taken to remove her from the courtroom because identification remains a key issue in this case. Defendant asserts that the question before the Court is "whether Ms. Curry's identification at trial will be independent and uninfluenced from what she observed and heard at Mr. Cobb's detention hearing." (Def.'s Mot. to Suppress at 3).

The Government, in its response, states that pursuant to the Victim Notification Act, Ms. Curry was notified that the Defendant was being arraigned on the charges relating to her robbery. Ms. Curry appeared in court as every victim has the right to do.  She did not contact the Government before she came to court.  Counsel for the Government and the case agents were not present at the arraignment and therefore did not have an opportunity to remove her from the courtroom. The Government argues that the identification in this case was not impermissibly suggestive, but was inherently reliable.

The reliability and admissibility of  identification evidence must be analyzed under the two part test set forth in *Neil v. Biggers*, 409 U.S. 188 (1972).  First, the defendant must prove that the process of identification was impermissibly suggestive.  If the defendant meets this burden, the court must then consider under the totality of the circumstances whether the testimony given was nevertheless reliable.  In assessing reliability, the Court set out five factors to consider:  (1) the witness's opportunity to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the defendant, (4) the witness's level

of certainty when identifying the suspect at the confrontation, and (5) the length of time between the crime and the confrontation. *Biggers*, 409 U.S. at 199-200.

The Sixth Circuit recognizes that the due process concern is heightened when the misidentification is possible because the witness is called upon to identify a stranger that he or she only saw briefly and at a time of extreme emotional stress. *See Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994). The Defendant, however, does not assert that the Government has failed to meet the standards set forth above. The witness, Ms. Curry, did observe the criminal at the time of the crime, the robbery of the Bucca Di Beppo, and she identified the Defendant from a photograph array with 70% certainty. Defendant does not challenge these factors, but simply argues that because the witness attended the detention hearing, her identification is now unreliable. Defendant essentially concedes that Ms. Curry's first identification is sufficient by not challenging anything about the photo array.

Defendant has therefore failed to meet his burden of proving that the identification was impermissibly suggestive. Even if Defendant were to somehow prove that the identification was impermissibly suggestive, the Court finds that the identification is reliable. The witness, Ms, Curry, made the identification prior to appearing in court. Ms. Curry viewed the suspect at the time of the robbery and picked the Defendant out of a photo array. Therefore, she had an independent basis on which to base the identification, apart from the in-court identification at the detention hearing. The parties are reminded that it is the function of the jury to determine the ultimate weight to be given to the identification. *See Smith v. Perini*, 723 F.2d 478 (6th Cir. 1983).

Defendant's Motion to Suppress all Pretrial In-Court Identifications is therefore **DENIED**.

**E.**     ***Defendant's Motion for Relief from Prejudicial Joinder (Doc. 70).***

Defendant moves pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure for the Court to sever the trial on each count of the Indictment and order a separate trial on each count. Defendant asserts that the joining of these counts is unduly prejudicial and violates the accused's right to due process of law and his right to a fair trial as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

Rule 14(a) of the Federal Rules of Criminal Procedure specifically provides:

> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The Government, however, argues that the counts should not be severed and tried separately pursuant to the express language of Rule 8(a) of the Federal Rules of Criminal Procedure. Rule 8(a) specifically provides:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Sixth Circuit has interpreted Rule 8(a) broadly, stating, "[t]o the extent that it is consistent with providing the defendant with a fair trial, the Rule is to be construed liberally to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983); *see also Zafiro v. United States*, 506 U.S. 534 (1993) ("Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial").

Rule 8(a) should be construed in favor of joinder, however, "if joinder of multiple defendants or multiple offenses does not comply with the requirements of Rule 8, the district court has 'no

discretion of the question of severance.'" *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002), *quoting United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982). Further, "whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *Id.* at 456.

Defendant Cobb argues that the Indictment in this case involves three separate victims, three separate incidents, spanning a time frame from October 8, 2006 through April 12, 2007. He asserts that there is no commonality between these counts, nor is there a significant tangible nexus sufficient to warrant these cases being tried at the same time and before the same jury. (Def.'s Mot. for Relief from Prejudicial Joinder at 2). Defendant continues that "[a]lthough each count alleges potentially similar offenses, they involve matters occurring on separate dates, and will require separate and distinct evidentiary presentations. The only relationship between the indictments is that they allege conduct on behalf of the same Defendant." *Id.* at 2. Defendant relies on *United States v. Graham*, 275 F.3d 490, 513 (6th Cir. 2001), which states "even where joinder is appropriate . . ., a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by the joinder of the offenses."

The Government asserts that the charges relating to the three separate robberies are the result of evidence discovered during the same investigation. Further, the temporal and logical relationship between the three separate events is evident. Finally, the Government argues and the Court agrees that the Defendant has not met his burden of showing that the potential for prejudice due to the joinder of the counts of the Indictment outweighs the judicial interest of efficiency. *United States v. Hatcher*, 680 F.2d 438, 440-442 (6th Cir. 1982) (the defendant bears the burden of proving that the potential for prejudice outweighs the interests of judicial efficiency). A "strong policy presumption" exists in favor of joinder where the counts charged involve either similar evidence or actions. *See United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995).

-8-

The Court finds that based on the fact that the evidence of the robberies was discovered during the same investigation, the interest of judicial economy, and the strong policy presumption described in *Critton*, severance of the separate counts of the Indictment is not proper in this case. Defendant's Motion for Relief from Prejudicial Joinder is therefore **DENIED**.

### F.    *Conclusion*

In conclusion, Defendant's Motion for Expert Testimony and Reports (Doc. 66) is **GRANTED**; Defendant's Motion for Leave to File Additional Motions if Needed (Doc. 67) is **GRANTED**; Defendant's Motion for Disclosure Pursuant to *Giglio* (Doc. 68) is **GRANTED IN PART AND DENIED IN PART**; Defendant's Motion to Suppress Pretrial In-Court Identification (Doc. 69) is **DENIED**; and Defendant's Motion for a Separate Trial on Counts 1, 2, 3, 4, and 5 (Doc. 70) is **DENIED**.

The Clerk shall remove Documents 66, 67, 68, 69, and 70 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**