**UNITED STATES DISTRICT COURT
SOUTHERN OHIO DISTRICT
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                       **Case No. CR-2-07-0236**

                                                              **Judge Smith**

**MARCUS K. COBB,**

      **Defendant.**

**ORDER**

      This matter is before the Court on Defendant Marcus Cobb's Motion in Limine on the Declaration of an Expert (Doc. 91).  The Government has not filed a Response.  The Motion is now ripe for review.

      Defendant requests that the Court issue a pretrial evidentiary ruling barring the Government from requesting in the presence of the jury that one or more of its witnesses be declared an expert.  Defendant also requests that no witness be referred to as an expert or their testimony referenced as an expert opinion.  Defendant asserts that such references would improperly invade the province of the jury to evaluate the evidence and weigh the credibility of the witnesses.  Defendant relies on *United States v. Johnson*, 488 F.3d 690 (6th cir. 2007), in support of his argument

      Rule 702 of the Federal Rules of Evidence is the basic rule concerning expert witnesses.  An expert witness may testify if the expert has specialized knowledge that would be helpful in deciding the case correctly, and if the expert's testimony is sufficiently reliable to assist the factfinder.

Rule 702 of the Federal Rules of Evidence specifically provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

However, Defendant is not challenging a specific expert's qualifications, whether the expert should be permitted to testify, nor the expert's findings. Rather, he is challenging the labeling of the witness as an expert.

Relying on *Johnson*, Defendant argues that the Court should use the term "opinion" rather than "expert" in the presence of the jury. *See Johnson*, 488 F.3d at 698. The Sixth Circuit in Johnson adopts the reasoning of other courts in holding that the court should not, in the presence of the jury, declare that a witness is qualified as an expert or to render an expert opinion. See, e.g. *United States v. Bartley*, 855 F.2d 547, 552 (8th Cir. 1988) (noting that "[s]uch an offer and finding by the Court might influence the jury in its evaluation of the expert and the better procedure is to avoid an acknowledgment of the witnesses' expertise by the Court"); *State v. McKinney*, 185 Ariz. 567, 917 P.2d 1214, 1233 (Ariz. 1996) (observing that "[b]y submitting the witness as an expert in the presence of the jury, counsel may make it appear that he or she is seeking the judge's endorsement that the witness is to be considered an expert. . . . In our view, the trial judge should discourage procedures that may make it appear that the court endorses the expert status of the witness. The strategic value of the process is quite apparent but entirely improper").

The Johnson Court further concluded that:

When a court certifies that a witness is an expert, it lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality and detachment. "Except in ruling on an objection, the court should not,

in the presence of the jury, declare that a witness is qualified as an expert or to render an expert opinion, and counsel should not ask the court to do so." ABA Civil Trial Practice Standard 17 (Feb. 1998); *see also* Jones, Rosen, Wegner & Jones, Rutter Group Practice Guide: Federal Civil Trials & Evidence § 8:1548.1 (The Rutter Group 2006). Instead, the proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony. If the opponent objects, the court should rule on the objection, allowing the objector to pose voir dire questions to the witness's qualifications if necessary and requested. *See Berry v. McDermid Transp., Inc.*, 2005 U.S. Dist. LEXIS 19568, 2005 WL 2147946, at *4 (S.D. Ind. Aug. 1, 2005) (stating that "counsel for both parties should know before trial that the court does not 'certify' or declare witnesses to be 'experts' when 'tendered' as such at trial. Instead, if there is an objection to an offered opinion, the court will consider the objection. The court's jury instructions will refer to 'opinion witnesses' rather than 'expert witnesses'"); *see also Jordan v. Bishop*, 2003 U.S. Dist. LEXIS 4586, 2003 WL 1562747, at *2 (S.D. Ind. Feb. 14, 2003). The court should then rule on the objection, "to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means." Fed. R. Evid. 103(c).

Therefore, in accordance with the Sixth Circuit's holding in *United States v. Johnson*, Defendant's Motion is **GRANTED**. The Court will act in accordance with the instruction as set forth in detail in *Johnson*. Further, the Court will instruct the jury in accordance with Johnson and §7.03 of the Sixth Circuit Pattern Jury Instructions.

The Clerk shall remove Document 91 from the Court's pending motions list.

    **IT IS SO ORDERED.**

                         */s/ George C. Smith*
                         **GEORGE C. SMITH, JUDGE**
                         **UNITED STATES DISTRICT COURT**