UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARCUS K. COBB,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-3160
CRIM. NO. 2:07-CR-000186
JUDGE MICHAEL H. WATSON
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. ECF No. 158. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the motion to vacate, ECF No. 158, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I. PROCEDURAL HISTORY

Petitioner challenges his convictions after a jury trial on one count of a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d); and two counts of brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c). On September 11, 2008, the Court imposed 1224 months' imprisonment. Judgment, ECF No. 118. On September 2, 2010, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. ECF No. 146. On June 22, 2016,

Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255.  ECF No. 150.  On March 23, 2017, the Court issued an Opinion and Order denying that action. ECF No. 156.

On June 23, 2020, Petitioner filed this second Motion to Vacate under 28 U.S.C. § 2255.  He asserts that his convictions on brandishing a firearm during a crime of violence under § 924(c) are constitutionally invalid in view of *United States v. Davis*, -- U.S. --, 139 S. Ct. 2319 (2019).

## II.    SUCCESSIVE PETITIONS

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012).  Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit.  *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed a prior motion to vacate, his present motion constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.  *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

### III. DISPOSITION

Accordingly, the Motion to Vacate under 28 U.S.C. § 2255, ECF No. 158, is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**IT IS SO ORDERED**.

    */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**